# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06 CV 432-W

| | |
|---|---|
| MELVIN MCCULLOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| TRANS UNION LLC, EQUIFAX ) | |
| INFORMATION SERVICES, ) | |
| LLC, EXPERIAN ) | |
| INFORMATION SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant Trans Union LLC's "Partial Motion to Dismiss . . ." (document #11) filed October 23, 2006. The Plaintiff filed its "Memorandum in Opposition . . ." (document #15) November 7, 2006. The Defendant Trans Union LLC has not replied, and the time for filing a Reply Brief has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant Trans Union LLC's Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Partial Motion to Dismiss be granted, for the reasons discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action seeking relief pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., and North Carolina defamation law, as well as injunctive relief. The subject Motion only

seeks dismissal as to the claim for injunctive relief.

Accepting the allegations of the Complaint as true, the Plaintiff is a consumer and the Defendants are credit reporting agencies. In September 2004, the Plaintiff discovered that his credit files with each of the Defendants "contained false negative credit information by including credit accounts that the Plaintiff did not open, did not use, did not owe and which did not relate to him." Upon making this discovery, the Plaintiff contacted each of the Defendants to dispute the "false account information." According to the Plaintiff, the Defendants "failed or refused to conduct a reasonable investigation . . . of the inaccurate credit information and made no changes to the . . . false negative credit information in his file." Further, one or more of the Defendants included the "false information" in a consumer credit report subsequently prepared for a prospective creditor of the Plaintiff.

The Plaintiff filed his Complaint in Mecklenburg County Superior Court on September 20, 2006, which the Defendants removed to this Court on October 16, 2006. On October 23, 2006, the Defendant Trans Union LLC filed its Answer, which included the subject Motion. The Plaintiff filed its Memorandum in Opposition on November 7, 2006. And, as noted above, the Defendant Trans Union LLC did not file a Reply Brief, and the time to do so has expired, rendering the subject Motion ripe for determination.

## II. DISCUSSION

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Partial Motion to Dismiss Claim for Injunctive Relief

In his Complaint, the Plaintiff seeks injunctive relief "requiring the Defendants to permanently remove the inaccurate information from his credit file and an order enjoining them from representing to any third party the above false information." As the Defendant Trans Union LLC points out in its Motion, however, a private plaintiff cannot seek injunctive relief under the Fair Credit Reporting Act. See, e.g., Washington v. CSC Credit Services, Inc., 199 F.3d 263, 268 (5th

Cir. 2000) ("affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the [Federal Trade Commission]"); and Bumgardner v. Lite Cellular, Inc., 996 F. Supp. 525, 526-27 (E.D. Va. 1998) (same).

Accordingly, the undersigned will respectfully recommend that the Defendant's Partial Motion to Dismiss (as to the Plaintiff's claim for injunctive relief only) be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant Trans Union LLC's Partial Motion to Dismiss (document #11) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins,

766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED.**

Signed: November 27, 2006

Carl Horn, III
United States Magistrate Judge